UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CARDINAL HEALTH 200, INC.**<br><br>1430 Waukegan Road,<br>McGaw Park, IL<br><br>**Counterclaimant,**<br><br>v.<br><br>**TILLOTSON CORPORATION,**<br><br>One Cranberry Hill, Suite 105,<br>Lexington, MA<br><br>**Counterclaim Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

1.  Cardinal Health 200, Inc. is a respondent in an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. §1337, pending in the United States International Trade Commission ("ITC") entitled *In re Certain Nitrile Rubber Gloves,* Inv. No. 337-TA-612, which has been consolidated with Inv. No. 337-TA-608.

2.  On May 7, 2008, Cardinal Health 200, Inc. filed a Counterclaim against the complainant in the ITC investigation, Tillotson Corporation ("Tillotson"), pursuant to 19 U.S.C. §1337(c) and 19 C.F.R. §210.14(e).

3.  Pursuant to 19 C.F.R. § 210.14(e), and ITC respondent who files a counterclaim in the ITC "shall immediately file a notice of removal with a United States distrct

court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

4. Venue in this District is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the elements giving rise to the Counterclaim occurred in this District in the wrongful enforcement of a fraudulently procured patent in the ITC.

5. This Court would also have original jurisdiction over the claims of Cardinal Health 200, Inc. pursuant to 28 U.S.C. §1332(a), as Cardinal Health 200, Inc. and Tillotson are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Notice of Removal is timely because it was filed two days after the filing of the Counterclaim in the ITC, and the Counterclaim was filed more than ten days before the commencement of the evidentiary hearing in the ITC investigation.

7. A true and correct copy of the Counterclaim is attached at Exhibit A hereto.

8. Pursuant to 28 U.S.C. §1446(f), "the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required.

Dated: May 9, 2008

Alan L. Whitehurst
D.C. Bar No. 484873
ALSTON & BIRD LLP
950 F Street, N.W
Washington, DC 20004
Tel. (202) 756-3300
Fax (202) 756-3333

# EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

Before The Honorable Theodore Essex
Administrative Law Judge

| | |
|---|---|
| CARDINAL HEALTH 200, INC.<br><br>Respondent/<br>Counterclaimant,<br><br>v.<br><br>TILLOTSON CORPORATION,<br><br>Complainant/<br>Counterclaim Defendant. | Investigation Nos. 337-TA-612 &<br>337-TA-608 |

## COUNTERCLAIM

Pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e), Respondent/Counter-claimant Cardinal Health 200, Inc. asserts this Counterclaim against Complainant Tillotson Corporation ("Tillotson") and in support hereof avers as follows:

### The Parties

1. Cardinal Health 200, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1430 Waukegan Road, McGaw Park, Illinois.

2. Tillotson is a Massachusetts corporation with a principal place of business located at One Cranberry Hill, Suite 105, Lexington, Massachusetts.

## Jurisdiction And Venue

3. The filing of this Counterclaim in the United States International Trade Commission is authorized by 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e) with the proviso that the respondents/counterclaimants "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

4. Cardinal Health 200, Inc. will immediately remove this Counterclaim to the United States District Court for the District of Columbia.

5. The United States District Court for the District of Columbia will have jurisdiction over this Counterclaim pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. § 1332(a), as Cardinal Health 200, Inc. and Tillotson are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue in the United States District Court for the District of Columbia is proper pursuant to 28 U.S.C. § 1391(a)(2).

## General Averments

7. Tillotson was the owner of United States Patent No. 5,014,362 ("the Original '362 patent") which was surrendered during the reissue proceedings that led to U.S. Patent No. Re. 35,616 ("the Reissue '616 patent").

8. Tillotson is the owner of the Reissue '616 patent.

9. Tillotson has had a pattern of filing district court lawsuits alleging infringement of the Reissue '616 patent that are not designed to obtain an adjudication on the merits of the infringement, validity and enforceability of the Reissue '616 patent. Indeed, in many cases Tillotson does not even attempt to effect service of the complaint. Rather, Tillotson

uses these lawsuits and the substantial costs that would be incurred in defending them in an effort to coerce the named defendants into agreeing to take licenses to the Reissue '616 patent. Victims of these vexatious lawsuits include numerous Cardinal Health 200, Inc. customers as well as Cardinal Health 200, Inc., and its affiliates.

11. Additionally, Tillotson has filed and caused to be served an Amended Complaint in this ITC Investigation pending in the District of Columbia alleging infringement of the Reissue '616 patent on the part of Cardinal Health 200, Inc., its parent corporation and a foreign affiliate, and its suppliers and customers.

12. At the times Tillotson initiated the litigations referred to above, Tillotson knew that the Reissue '616 patent was (a) invalid because, *inter alia*, the claims were in certain regards impermissibly broader in scope than claims of the Original '362 patent in derogation of 35 U.S.C. § 251, and the Reissue '616 patent is based on a defective reissue declaration; and (b) unenforceable by reason of Tillotson's fraudulent and inequitable conduct as set forth in paragraph 13 below. Tillotson's pursuit of such litigation to enforce a fraudulently procured patent has been in bad faith.

13. Tillotson's fraudulent and inequitable conduct consists of the following:

(a) Tillotson filed the application for a reissue patent that led to the Reissue '616 patent because, *inter alia*, it believed the Original '362 patent to be partly inoperative or invalid by reason of Tillotson claiming in error more than Tillotson had a right to claim in view of prior art that Tillotson claimed it was not aware of until after the Original '362 patent issued.

(b) Pursuant to 35 U.S.C. § 251, the reissue of a defective patent to correct an error is only authorized when the error was "without deceptive intent."

(c)     In an attempt to establish that the "error" was without deceptive intent, Tillotson filed with the United States Patent and Trademark Office (the "PTO") a declaration by Neil E. Tillotson, one of the named inventors, in which Mr. Tillotson represented that during the prosecution of the Original '362 patent "neither the patent Applicant nor its attorneys were aware of the prior art" that rendered the Original '362 patent partly inoperative or invalid, which included two prior art products, the Solvex® glove and the Derma-Thin™ glove.

(d)     This representation was knowingly false.

(e)     This representation was highly material.

(f)     This representation was made with the intent to deceive or mislead the PTO.

(g)     The PTO was deceived and but for this false representation the PTO would not have issued the Reissue '616 patent.

(h)     The Solvex® and Derma-Thin™ gloves were highly material to the patentability of the Original '362 patent.

(i)     Tillotson's knowing and intentional failure to disclose the Solvex® and Derma-Thin™ gloves during the prosecution of the Original '362 patent was with the intent to deceive or mislead the PTO.

(j)     The PTO was deceived and had the Solvex® and Derma-Thin™ gloves been disclosed during the prosecution of the patent, the Original '362 patent would not have been allowed by the PTO in the form it was issued.

(k)     During the prosecution of the Reissue '616 patent, Tillotson and its attorneys relied on certain test data to support claims that it was seeking in the reissue.

- 4 -

(l) Tillotson knew that this test data was unreliable, but intentionally withheld that fact from the PTO.

(m) The unreliability of the test data was highly material.

(n) The knowing and intentional withholding of the fact that the test data was unreliable was done with the intent to deceive or mislead the PTO.

(o) The PTO was deceived, and but for Tillotson's intentional withholding of the known unreliability of test data that it relied upon to support it, claim 23 of the Reissue '616 patent would not have been allowed by the PTO.

14. Tillotson has publicized on the internet at least some of its litigations and its coerced settlements in an attempt to induce customers not to purchase gloves from its licensees' competitors such as Cardinal Health 200, Inc.

15. Through its bad faith attempts to enforce its invalid and fraudulently obtained Reissue '616 patent, Tillotson has caused at least one of Cardinal Health 200, Inc.'s suppliers to enter into a license which has directly resulted in increased costs to Cardinal Health 200, Inc.

16. The claims asserted herein arise under the laws of the District of Columbia or such other jurisdiction as the Court may deem to be appropriate.

## Count I
### (Unfair Competition)

17. Cardinal Health 200, Inc. incorporates by reference the averments of paragraphs 1-16 as though fully set forth herein.

18. The conduct of Tillotson constitutes unfair competition.

19. As a result of such unfair competition, Cardinal Health 200, Inc. has sustained and will continue to sustain injury to its business and property, including, *inter alia*,

- 5 -

increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently-obtained patent, loss of sales, and other costs inherent in the disruption of its business.

20. Tillotson's unfair competition is knowing, willful and warrants an award of punitive damages.

## Count II
### (Tortious Interference with Contract and Prospective Economic Advantage)

21. Cardinal Health 200, Inc. incorporates by reference the averments of paragraphs 1-16 as though fully set forth herein.

22. The improper and tortious actions as described above have interfered with existing contractual rights and prospective economic advantage of Cardinal Health 200, Inc.

23. Tillotson has at all times acted with knowledge of Cardinal Health 200, Inc.'s valid business relationships and expectancies.

24. As a result of Tillotson's tortious conduct, Cardinal Health 200, Inc. has sustained and will continue to sustain injury to its business and property, including, *inter alia*, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, loss of sales, and other costs inherent in the disruption of their business.

25. Tillotson's tortious interference with Cardinal Health 200, Inc.'s contractual rights and prospective economic advantage is knowing, willful and warrants an award of punitive damages.

WHEREFORE, Cardinal Health 200, Inc. prays for judgment against Tillotson as follows:

(i)    A permanent injunction prohibiting Tillotson from asserting or threatening to assert infringement of the Reissue '616 patent against Cardinal Health 200, Inc. and its related corporations, suppliers, customers and potential customers;

(ii)    A declaration that the Reissue '616 patent was fraudulently obtained and is invalid and unenforceable;

(iii)    An award of compensatory damages;

(iv)    An award of punitive damages; and

(v)    Such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Paul F. Brinkman

Paul F. Brinkman
ALSTON & BIRD LLP
950 F Street, N.W
Washington, DC 20004
Tel. (202) 756-3300
Fax (202) 756-3333
E-mail: cardinal.itc@alston.com

*Counsel to Cardinal Health 200, Inc.*

In the Matter of Certain Nitrile Gloves, Consolidated Inv. Nos. 337-TA-608/612

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a true and correct copy of **Counterclaim** was served by the indicated means to the persons at the addresses below:

| | |
|---|---|
| The Honorable Marilyn R. Abbott<br>Secretary<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W., Room 112<br>Washington, DC 20436 | Original + 6 copies |
| The Honorable Theodore Essex<br>Administrative Law Judge<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W., Room 317<br>Washington, DC 20436 | Via Hand Delivery<br>(2 Copies) |
| *Commission Investigative Attorney*<br>Erin D.E. Joffre, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Room 401<br>Washington, DC 20436 | Via Hand Delivery & Electronic Mail<br>erin.joffre@usitc.gov |
| *Counsel for Complainant Tillotson Corporation*<br>Gilbert B. Kaplan, Esq.<br>Jeffrey M. Telep, Esq.<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Via Electronic Mail<br>JTelep@KSLAW.com |
| Anthony B. Askew, Esq.<br>Katrina M. Quicker, Esq.<br>Jason M. Pass, Esq.<br>KING & SPALDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309 | Via Electronic Mail<br>KQuicker@KSLAW.com |
| Gregory C. Dorris, Esq.<br>Charles H. Carpenter, Esq.<br>PEPPER & HAMILTON LLP<br>600 Fourteenth Street, NW<br>Washington, DC 20005 | Via Electronic Mail<br>Tillotson@pepperlaw.com |
| William D. Belanger, Esq.<br>PEPPER & HAMILTON LLP<br>101 Federal Street, Suite 1010<br>Boston, MA 02110 | Via Electronic Mail<br>belangerw@pepperlaw.com |

In the Matter of Certain Nitrile Gloves, Consolidated Inv. Nos. 337-TA-608/612

*Counsel for Respondent Adenna, Inc.*
Douglas A. Frymer, Esq.
4981 Irwindale Avenue, Suite 100
Irwindale, CA 91706

Via Electronic Mail
legal@starshieldarmor.com

*Counsel for Respondent Ansell Ltd.*
Thomas B. Kenworthy, Esq.
MORGAN, LEWIS & BROCKIUS LLP
1701 Market Street
Philadelphia, PA 191203

Via Electronic Mail
tkenworthy@morganlewis.com

*Counsel for Respondent Darby Group Companies, Inc*
Joseph D. Wargo, Esq.
WARGO & FRENCH, LLP
1170 Peachtree Street, NE, Suite 2020
Atlanta, GA 30309

Via Electronic Mail
itc@wargofrench.com

*Counsel for Delta Medical Supply Group, Inc., d/b/a The Delta Group*
Ernest D. Palmarella, Esq.
PALMARELLA, CURRY & KELLY P.C.
Four Glenhardie Corporate Center
1255 Drummers lane, Suite 105
Wayne, PA 19087

Via Electronic Mail
edp@pkpc.net

*Counsel for Dentexx/First Medica Infection Control*
James Lester, Esq.
MACCORD MASON PLLC
1600 Wachovia Tower
300 North Greene Street
Greensboro, NC 27401

Via Electronic Mail
jlester@macordmason.com

*Counsel for Respondent Dynarex Corporation*
Merritt R. Blakeslee, Esq.
DEKIEFFER & HORGAN
729 Fifteenth Street, NW, Suite 800
Washington, DC 20005

Via Electronic Mail
mblakeslee@dhlaw.com

*Counsel for Henry Schein., HSI Gloves, Inc., Smart Glove Holdings, Sdn. Bhd.*
Scott M. Daniels, Esq.
WESTERMAN, HATTORI, DANIELS & ADRIAN, LLP
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036

Via Electronic Mail
sdaniels@whda.com

*Counsel for Respondent Liberty Glove, Inc.*

In the Matter of Certain Nitrile Gloves, Consolidated Inv. Nos. 337-TA-608/612

| | |
|---|---|
| Luisa Jaffe, Esq.<br>CLAREMONT LAW GROUP, INC.<br>618 West Baseline Road<br>Claremont, CA 91711 | Via Electronic Mail<br>ljaffe@claremontlaw.com<br>nitrilegloves@gtlaw.com |
| Rosa S. Jeong, Esq.<br>GREENBERG TRAURIG, LLP<br>2101 L Street, NW, Suite 1000<br>Washington, DC 20037 | |

*Counsel for Respondent Protective Industrial Products Inc.*

| | |
|---|---|
| Elizabeth Borland, Esq.<br>SMITH, GAMBRELL, AND RUSSELL LLP<br>Promenande II, Suite 3100<br>1230 Peachtree Street, NE<br>Atlanta, GA 30309 | Via Electronic Mail<br>egborland@sgrlaw.com |

*Counsel for Respondent QRP Inc., d/b/a GRP Gloves*

| | |
|---|---|
| Daniel J. Quigley, Esq.<br>QUIGLEY & WHITEHILL PLC<br>2730 E. Broadway, Suite 160<br>Tucson, AZ 85716 | Via Electronic Mail<br>Quigley@gw-law.com |

*Counsel for Respondents Top Glove Corp Bhd; Riverstone Resources Sdn. Bhd.; Smart Glove Holdings Sdn. Bhd; Laglove (M) Sdn. Bhd; Latexx Partners Berhad; YTY Holdings Sdn. Bhd; Kossan Rubber Industries Bhd Ltd.; PT Mediasafe Technologies, JL & Hartalega Holdings Bhd.; JDA (Tianjin) Plastic Rubber co. Lt,; PT Shamrock Manufacturing Corporation; PT Medisafe Technologies*

| | |
|---|---|
| Perry R. Clark, Esq.<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104 | Via Electronic Mail<br>NitrileGlove@kirkland.com<br>jlee@kirkland.com |

*Counsel for Respondent Tronex International, Inc.*

| | |
|---|---|
| Maureen F. Browne, Esq.<br>Jenny Workman, Esq.<br>HELLER EHRMAN, LLP<br>1717 Rhode Island Avenue, NW<br>Washington, DC 20036 | Via Electronic Mail<br>Maureen.Browne@hellerehrman.com |

May 7, 2008

Stacey R. Barnes


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2008, I caused copies of the foregoing documents to be served upon the following person by hand delivery:

    Gilbert B. Kaplan, Esq.
    KING & SPALDING LLP
    1700 Pennsylvania Ave., N.W.
    Washington, DC  20006-4706

                                      Alan L. Whitehurst

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Cardinal Health 200, Inc.
Counterclaimant

**DEFENDANTS**
Tillotson Corporation
Counterclaim-Defendant

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Lake Co., IL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Middlesex Co., MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alan L. Whitehurst
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC
(202)756-3491

Case: 1:08-cv-00803
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/9/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act
  - Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)
  - Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**
  Any nature of suit from any category may be selected for this category of case assignment.
  *(If Antitrust, then A governs)*

- ● **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ⊙ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
19 U.S.C. 1337(c)-Removal of counterclaim filed in the U.S. ITC alleging unfair competition and tortious interference with contract et al.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** >$75,000    Check YES only if demanded in complaint
**JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

**DATE** May 9, 2008    **SIGNATURE OF ATTORNEY OF RECORD** [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.