UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARDINAL HEALTH 200, INC.,

Counterclaimant,

v.

TILLOTSON CORPORATION,

Counterclaim Defendant.

Civ. Action No. 08-803 (RMC)

**MOTION FOR SUMMARY JUDGMENT**

Comes now Counterclaim Defendant Tillotson Corporation, through undersigned counsel, and moves for summary judgment in the above-captioned action on limitations grounds, and in support thereof, files the accompanying statement of material facts, and brief.

Respectfully submitted,

/s/ Charles H. Carpenter

Charles H. Carpenter
(DC Bar No. 432004)
Pepper Hamilton LLP
600 Fourteenth Street NW
Washington DC 20005
(202) 220-1507
(202) 220-1665 (fax
carpentc@pepperlaw.com

Attorneys for Tillotson Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARDINAL HEALTH 200, INC., Counterclaimant, | ) |
| v. | ) Civ. Action No. 08-803 (RMC) |
| TILLOTSON CORPORATION, Counterclaim Defendant. | ) |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Under bright line test set forth in the applicable limitations provision, this action is untimely. Judgment should therefore be granted to counterclaim defendant.

As is clearly set forth in the Notice of Removal, this action is a counterclaim removed to this Court pursuant to section 337 of the Tariff Act of 1930. That section provides, in relevant part:

> *A respondent may raise any counterclaim in a manner prescribed by the [United States International Trade] Commission.* Immediately after a counterclaim is received by the Commission, the respondent raising such counterclaim shall file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the party would exist under section 1391 of title 28. Any counterclaim raised pursuant to this section shall relate back to the date of the original complaint in the proceeding before the Commission. Action on such counterclaim shall not delay or affect the proceeding under this section, including the legal and equitable defenses that may be raised under this subsection.

19 U.S.C. § 1337(c) (emphasis added).[1] Pursuant to this mandate, the International Trade Commission has prescribed the manner in which a respondent may raise a counterclaim. Of specific relevance to this motion, the Commission's rules provide that a counterclaim may be filed "at any time after institution of the investigation, but not later than ten business days before the commencement of the evidentiary hearing." 19 C.F.R. § 210.14(e). The Commission deliberately created this bright line deadline, as it explained in proposing the rule, to "provide a respondent adequate discovery time to identify potential counterclaims while avoiding the distraction that might occur if counterclaims could be filed during (or after) the evidentiary hearing." Procedures for Investigations and Related Proceedings Concerning Unfair Practices in Import Trade, 59 Fed. Reg. 67,622, 67,624 (Dec. 30, 1994).

The evidentiary hearing in the investigation in which the above captioned counterclaim was filed was scheduled to commence on May 19, 2008. Statement of Material Fact ("SOMF") ¶ 3. It has in fact so commenced. *Id.* at ¶ 4. The counterclaim was filed on May 7, 2008, less than ten *business* days before the commencement of the hearing. *Id.* at ¶ 2.[2] There are no pending motions to postpone or reschedule the hearing, nor did counterclaimant Cardinal Health 200 Inc. seek or obtain leave from the Commission (or the administrative law judge to whom the investigation is assigned) to file its counterclaim out of time.

As noted above, section 337(c) delegates to the Commission the specific authority to prescribe the manner in which a respondent may raise *any* counterclaim, a delegation which

[1] The counterclaim provision was added to section 337 in 1994, as part of the legislation implementing the General Agreement of Tariffs and Trade (GATT). Uruguay Round Agreements Act, Pub. L. No. 103-465, 103d Cong., 2d Sess., § 321(a)(2), 108 Stat. 4809. The same legislation conferred subject matter jurisdiction to adjudicate counterclaims filed in ITC investigations upon district courts. *Id* at § 321(b)(3)(a), *codified as* 28 U.S.C. § 1368.

[2] Cardinal correctly recites in its Notice of Removal that the counterclaim was filed within ten calendar days of the hearing. Notice ¶ 6. This, of course, is not the proper standard.

includes the authority to create a limitations period. The Commission has exercised the authority delegated to it by Congress, and created a simple and objective test for timeliness. Cardinal's counterclaim simply, objectively, and beyond dispute fails this test. There are no genuine issues of material fact with regard to the date of the filing of the counterclaim, or the date the evidentiary hearing in the investigation before the International Trade Commission is scheduled to commence. Tillotson is entitled, as a matter of law, to prevail on limitations grounds. The Court should therefore grant summary judgment.

Respectfully submitted,

/s/ Charles H. Carpenter

Charles H. Carpenter
(DC Bar No. 432004)
Pepper Hamilton LLP
600 Fourteenth Street NW
Washington DC 20005
(202) 220-1507
(202) 220-1665 (fax
carpentc@pepperlaw.com

Attorneys for Tillotson Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARDINAL HEALTH 200, INC.,

Counterclaimant,

v.

TILLOTSON CORPORATION,

Counterclaim Defendant.

Civ. Action No. 08-803 (RMC)

**STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rules 7(h) and 56.1, Counterclaim Defendant Tillotson Corporation presents the following statement of material facts as to which there is no genuine issue:

1. This case arises from the removal of a counterclaim from an investigation at the International Trade Commission ("ITC"). *See* Notice of Removal ¶¶ 1-4.

2. The counterclaim was filed at the ITC on Wednesday, May 7, 2008. *Id.* ¶ 2.

3. The evidentiary hearing at the ITC has long been scheduled to begin on Monday, May 19, 2008. *See* Exhibits A & B (ITC Scheduling Orders of October 5, 2007 and March 18, 2008).

4. The evidentiary hearing has in fact begun on May 19, 2008.

Respectfully submitted,

/s/ Charles H. Carpenter

Charles H. Carpenter
(DC Bar No. 432004)
Pepper Hamilton LLP
600 Fourteenth Street NW
Washington DC 20005
(202) 220-1507
(202) 220-1665 (fax
carpentc@pepperlaw.com

Attorneys for Tillotson Corporation

**Exhibit A**

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

RECEIVED OFC OF THE SECRETARY US INTL TRADE COMM 2007 OCT -5 AM 11: 57

| In the Matter of<br><br>CERTAIN NITRILE GLOVES | Inv. No. 337-TA-608 |
|---|---|

AND

| In the Matter of<br><br>CERTAIN NITRILE RUBBER GLOVES | Inv. No. 337-TA-612 |
|---|---|

**ORDER NO. 28: SETTING THE PROCEDURAL SCHEDULE**

(October 5, 2007)

Investigation 337-TA-608 was instituted by the Commission on June 29, 2007 and the notice of investigation was published in the Federal Register on July 6, 2007.[1] The Administrative Law Judge set a fourteen-month target date of September 8, 2008 for completion of this investigation by the Commission in Order No. 2. Order No. 2 also requested discovery statements from the parties by August 10, 2007.

Investigation 337-TA-612 was instituted by the Commission on August 16, 2007 and the notice of investigation was published in the Federal Register on August 22, 2007.[2] On September 19, 2007, the Administrative Law Judge issued an initial determination, Order No. 19, which consolidated investigation 337-TA-608 and 337-TA-612. In that initial determination, the Administrative Law Judge set a fifteen-month target date of November 22, 2008 for Inv. No. 337-

---

[1] *See* 72 Fed. Reg. 37,052 (July 6, 2007).
[2] *See* 72 Fed. Reg. 47,072 (August 22, 2007).

TA-612 and extended the target date in Inv. No. 337-TA-608 to sixteen-and-a-half months, or November 22, 2008.[3] Order No. 19 also requested discovery statements from the parties by October 1, 2007. On September 28, 2007, Complainant Tillotson Corporation ("Tillotson") filed a motion for extension of time to file the requested discovery statement, which was granted by Order No. 24, extending the time to file discovery statements to October 3, 2007.

On October 1, 2007, separate discovery statements were received from the following Respondents: Cardinal Health, Inc.; Cardinal Health 200, Inc.; and Cardinal Health Malaysia 211 Sdn. Bhd. (collectively "Cardinal Health"), and Henry Schein, Inc. and HSI Gloves, Inc. (collectively "HSI"). On October 3, 2007, Complainant and Respondents Ansell, Ltd.; Darby Group Companies, Inc.; Dynarex Corporation; Liberty Glove and Safety Co.; Protective Industrial Products Inc.; Tronex International Inc.; Top Glove Corporation Bhd.; Laglove (M) Sdn. Bhd.; Smart Glove Holdings Sdn. Bhd.; YTY Holdings Sdn. Bhd.; Kossan Rubber Industries Bhd., Ltd.; Riverstone Resources Sdn. Bhd.; PT Shamrock Manufacturing Corporation; JDA (Tianjin) Plastic Rubber Co.; Hartalega Holdings Bhd.; PT Medisafe Technologies and Latexx Partners Berhad filed a joint proposed procedural schedule. On October 3, 2007, separate discovery statements were received from the Commission Investigative Staff ("Staff") and Respondents Seal Polymer Industries Bhd. ("Seal Polymer"), Supermax Corporation Bhd. ("Supermax"), and Latexx Partners Berhad ("Latexx") agreeing with the joint proposed procedural schedule filed by Complainant.

Although the undersigned strongly encouraged the parties to "make intensive good faith efforts to agree to a procedural schedule" in Order No. 19, the parties were unable to agree on a

---

[3] Note that November 22, 2008 falls on a Saturday. Therefore, the target date is actually set for November 24, 2008.

procedural schedule. The dispute between the parties is the proposed scope and date of the *Markman* hearing. In Order No. 19, the undersigned proposed a *Markman* hearing for December 13-14, 2007. Cardinal Health and HSI oppose a December *Markman* hearing and propose that the *Markman* hearing take place in late February. In the alternative, Cardinal Health and HSI propose that the *Markman* hearing that is in December be limited to the issues raised in the current pending motions for summary judgment. Cardinal Health and HSI assert that it is unreasonable to have a *Markman* hearing just four months after the investigation is instituted, and note that in Inv. No. 337-TA-600, the *Markman* hearing was scheduled for seven months after the investigation was instituted.

The undersigned does not find Cardinal Health and HSI's arguments to be persuasive. The target date in Inv. No. 337-TA-600 is 19 months. Therefore, the longer than usual target date allowed the undersigned to schedule the *Markman* hearing in Inv. No. 337-TA-600 at a later time. In these two investigations the target date is only 16 1/2 and 15 months. The undersigned notes that in previous cases where the target date was set at 15 months, a *Markman* hearing was held five months after the investigation was instituted.[4] In Inv. No. 337-TA-547, there were five patents at issue involving more complex technology than the technology involved in the one patent-at-issue in this investigation. Accordingly, the undersigned finds that a December *Markman* hearing is reasonable.

In addition, the undersigned has no intention of limiting the December *Markman* hearing to only the claim terms at issue in the pending motions for summary judgement. As noted in the Ground Rules, the purpose of the *Markman* hearing is for "construing any disputed claim terms of the patents at issue in the investigation" and that after the order construing the disputed claims is issued, "discovery and briefing . . . shall be limited to that claim construction." The parties are expected to

[4] *See* Inv. No. 337-TA-547, Order No. 3, September 19, 2005.

brief all disputed claim terms during the December *Markman* hearing . All other claim terms shall be deemed as undisputed.[5]

Based on a review of the proposed procedural schedules, the undersigned hereby adopts the following procedural schedule:

| Event | Deadline Date |
|---|---|
| Exchange list of terms each party contends requires construction | October 29, 2007 |
| First settlement conference | By October 31, 2007 |
| File identification of claim construction expert witnesses, including their expertise and curriculum vitae for claim construction hearing | November 2, 2007 |
| Submission of first settlement conference joint report | November 5, 2007 |
| Exchange interpretations by the private parties for each term the parties contend require construction, along with preliminary identification of supporting intrinsic and extrinsic evidence (including claim construction expert reports, if any) | November 9, 2007 |
| Exchange of rebuttal claim construction expert reports | November 16, 2007 |
| Meet and confer in effort to narrow the list of terms that each party contends require construction. Submission of final list of terms that each party contends require construction. | November 16, 2007 |
| File tentative list of witnesses a party will call to testify at the *Markman* hearing, with an identification of each witness' relationship to the party | November 16, 2007 |
| File opening claim construction briefs - private parties | November 21, 2007 |
| File opening claim construction brief - Staff | November 29, 2007 |

---

[5] *See the* undersigned previous statements in previous issued Orders construing the terms of the asserted claims of the patents at issue that "All other claim terms shall be deemed as undisputed and shall be interpreted by the undersigned in accordance with 'their ordinary meaning as viewed by one of ordinary skill in the art.'" *Certain Personal Computers, Server Computers, and Components Thereof*, Order No. 15 (February 8, 2005) at 23; *Certain Personal Computers, Monitors and Components Thereof*, Order No. 22 (March 10, 2005) at 20 (citations omitted).

| Event | Deadline Date |
|---|---|
| File rebuttal claim construction briefs - private parties | December 5, 2007 |
| File rebuttal claim construction brief - Staff | December 11, 2007 |
| Tutorial (if necessary) and *Markman* hearing | December 13-14, 2007 at 9:00 a.m. in Courtroom A |
| File notice of prior art | December 19, 2007 |
| Submission of *Markman* joint proposed claim construction chart | December 21, 2007 |
| File identification of expert witnesses on issues other than claim construction, including their expertise and curriculum vitae | January 4, 2008 |
| Second settlement conference | By January 18, 2008 |
| Exchange of initial expert reports on issues other than claim construction | January 25, 2008 |
| File tentative list of witnesses a party will call to testify at the hearing, with an identification of each witness' relationship to the party | January 25, 2008 |
| Submission of second settlement conference joint report | January 25, 2008 |
| Fact discovery cutoff and completion | February 19, 2008 |
| Exchange of rebuttal expert reports on issues other than claim construction | February 22, 2008 |
| Expert discovery cutoff and completion | March 21, 2008 |
| Deadline for filing summary determination motion | March 27, 2008 |
| Deadline for motions to compel | March 28, 2008 |
| Exchange of exhibit lists among the parties | April 7, 2008 |
| Third settlement conference | By April 11, 2008 |
| Submit and serve direct exhibits (including witness statements), with physical and demonstrative exhibits available -- Complainant(s) and Respondent(s) | April 14, 2008 |
| Submit and serve direct exhibits (including witness statements), with physical and demonstrative exhibits available -- Staff | April 17, 2008 |

| Event | Deadline Date |
|---|---|
| Submission of third settlement conference joint report | April 18, 2008 |
| File objections to direct exhibits (including witness statements) | April 21, 2008 |
| Submit and serve rebuttal exhibits (including witness statements), with rebuttal physical and demonstrative exhibits available -- all parties | April 28, 2008 |
| File responses to objections to direct exhibits (including witness statements) | April 28, 2008 |
| File pre-trial statements and briefs -- Complainant(s) and Respondent(s) | April 30, 2008 |
| File requests for receipt of evidence without a witness | May 5, 2008 |
| File objections to rebuttal exhibits (including witness statements) | May 5, 2008 |
| Deadline for motions *in limine* | May 6, 2008 |
| File pre-trial statement and brief -- Staff | May 7, 2008 |
| File high priority objections statement | May 9, 2008 |
| File responses to objections to rebuttal exhibits (including witness statements) | May 12, 2008 |
| File responses to high priority objections statement | May 13, 2008 |
| File responses to motions *in limine* | May 13, 2008 |
| Pre-trial conference | May 16, 2008 at 10:00 a.m. in Courtroom B |
| Opening Statements | May 16, 2008 following pre-trial conference |
| Trial | May 19-23, 2008 and May 27-30, 2008 at 9:00 a.m. in Courtroom B[6] |

[6] In the undersigned's view, 9 days of trial time is excessive when considering that there is only one patent-at-issue, that there no live direct testimony, and that claim construction issues will already have been decided. The parties should reevaluate their approximation of time needed to present their case closer to the trial date.

| Event | Deadline Date |
|---|---|
| File initial post-trial briefs, proposed findings of fact and conclusions of law, and final exhibit lists | June 13, 2008 |
| File reply post-trial briefs, objections and rebuttals to proposed findings of fact | June 27, 2008 |
| Initial Determination due | August 25, 2008[7] |
| Target date for completion of investigation | November 24, 2008 |

For the dates set forth above that require a submission or filing, the date set forth is the date that the submission or filing must be at or filed at the Commission (by the close of business) and is not the date that such submission or filing is merely served.

**SO ORDERED.**

Charles E. Bullock
Administrative Law Judge

[7] August 24, 2008 falls on a Sunday.

**Exhibit B**

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| In the Matter of<br><br>CERTAIN NITRILE GLOVES | Inv. No. 337-TA-608 |
|---|---|

AND

| In the Matter of<br><br>CERTAIN NITRILE RUBBER GLOVES | Inv. No. 337-TA-612 |
|---|---|

RECEIVED
OFC OF THE SECRETARY
US INT'L TRADE COMM
2008 MAR 18 PM 4: 20

**ORDER NO. 64: MOVING PRE-TRIAL CONFERENCE AND OPENING STATEMENTS TO MAY 19, 2008**

(March 18, 2008)

The procedural schedule for this consolidated investigation sets the pre-trial conference and opening statements for Friday, May 16, 2008. (Order No. 28 (October 5, 2007).) Due to an unexpected injury to respondents' lead counsel in Investigation No. 337-TA-609, the Court has moved the hearing dates for that investigation to May 12-16. (*See* Inv. No. 337-TA-609, Order No. 20 (March 18, 2008)) Therefore, the pre-trial conference and opening statements for this consolidated investigation must be moved to Monday, May 19, 2008.

The Court does not find that any of the parties would be prejudiced by moving the pre-trial conference back by one day, especially since claim construction issues have already have been decided and the parties will still have 8 full days of trial time to present their case for the single patent at issue.[1]

---

[1]Judge Bullock found 9 days of trial time to be excessive and ordered the parties to reevaluate their approximation of the time necessary to present their case closer to the trial date. (*See* Order No.

Therefore, Order No. 28 is hereby amended as follows:

| Pre-trial Conference | May 19, 2008 at 9:00 AM in Courtroom B |
| --- | --- |
| Opening Statements | May 19, 2008 following pre-trial conference |
| Trial | May 19-23, 2008 and May 27-30, 2008. Trial shall commence following opening statements. |

**SO ORDERED.**

Theodore R. Essex
Administrative Law Judge

28 at 6, n. 6) This Court agrees with Judge Bullock and, therefore, believes that 8 full days of trial time is ample time for the parties to present their case. However if the Court finds that any of the parties would be prejudiced without 9 full days of trial time, the Court will consider adding one more day of hearing should it find it necessary to do so.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion for summary judgment was served, by hand, this 20th day of May, 2008 upon

**Alan L. Whitehurst**
Alston & Bird LLP
The Atlantic Building
950 F Street, N.W.
Washington, DC 20004-1404

/s/ Charles H. Carpenter
Charles H. Carpenter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARDINAL HEALTH 200, INC.,

Counterclaimant,

v.

TILLOTSON CORPORATION,

Counterclaim Defendant.

Civ. Action No. 08-803 (RMC)

ORDER GRANTING SUMMARY JUDGMENT

Upon consideration of the motion for summary judgment on limitations grounds filed in the above-captioned action, the applicable law, and the record in this case, it is, by the Court, this __ day of May, 2008

ORDERED that the motion shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that summary judgment shall be, and hereby is GRANTED to counterclaim defendant Tillotson Corporation on each and every claim asserted in this action.

Rosemary M. Collyer
United States District Judge