UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARDINAL HEALTH 200, INC., | ) |
|       Counterclaimant, | ) |
| v. | ) Civ. Action No. 08-803 (RMC) |
| TILLOTSON CORPORATION, | ) |
|       Counterclaim Defendant. | ) |

**OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Having achieved its tactical goals related to other litigation, Cardinal Health 200, Inc., now moves for leave to dismiss its case here. The motion should be denied.

Cardinal does not explicitly invoke Rule 12(h)(3) in its motion, but hints that its failure to comply with the limitations provisions of 19 C.F.R. §210.14(e) deprives the Court of subject matter jurisdiction.[1] Obviously, this issue must be resolved before any others.

There are a number of reasons to read 210.14(e) as a non-jurisdictional limitation. First, the statute conferring subject matter jurisdiction over ITC counterclaims, 28 U.S.C. 1368, "does not limit jurisdiction to those cases in which there has been a timely filing. . ." *Zipes v. TWA*, 455 U.S. 385, 394 (1982) (construing Title VII). Second, as the Supreme Court noted in *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 753 (2008), there are essentially two kinds of limitations periods: those designed to protect a party, and those designed to "achieve a

---

[1] This is apparently a matter of first impression, and Tillotson has taken the alternative position in a different case, where it is represented by different counsel.

broader system-related goal."[2] *Id*. In adopting 210.14(e), the ITC was explicit about its goal: preventing respondents from encroaching on complainants on the eve of trial. And indeed, there can be no broader ITC system-related goal here because its rules, and Section 337 itself, provide for immediate removal of the counterclaim to a federal district court. *See* 19 U.S.C. § 1337(c). Finally, Rule 210.14(e) itself does not indicate that the time cannot be extended "for good cause shown." 19 C.F.R. §201.14(b)(2). The fact that the filing deadline can be changed is itself dispositive of the question. Indeed, in light of the holdings of *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004), and *Bowles v. Russell*, 127 S. Ct. 2360, 2364-65 (2007), it is far from clear that the ITC could, even if it exempted Rule 210.14(e) from its general rule allowing amendment of deadlines, impinge upon the Court's subject matter jurisdiction. The time limit in 210.14(e) is therefore not jurisdictional. The Court, then, may adjudicate this action, including all three pending motions.

In *Independence FSB v. Bender*, 230 F.R.D. 11, 13 (D.D.C. 2005), the Court explained that in exercising its discretion to dismiss a case under Rule 41(a)(2) it must determine:

> (1) whether plaintiff's motion for voluntary dismissal was sought in good faith; and (2) whether the defendant[] would suffer 'legal prejudice' from a dismissal at this stage in the litigation. *In re Vitamins Antitrust Litig*., 198 F.R.D. 296, 305 (D.D.C. 2000). "In determining whether a defendant would suffer legal prejudice by a voluntary dismissal . . . the Court must consider (1) defendant's effort and expense for preparation of trial; (2) excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) the adequacy of plaintiff's explanation of the need for dismissal; and (4) the stage of the litigation at the time the motion

---

[2] This case obviously does not involve a waiver of sovereign immunity, the context in which most "jurisdictional" limitations are found. *See*, *id*. at 754 (discussing *Kendall v. United States*, 107 U.S. 123 (1883), and *Finn v. United States*, 123 U.S. 227 (1887)). Nothing about the statute or regulations here is comparable to the statutes involved in these cases.

>to dismiss is made, specifically whether a motion for summary judgment is pending." *Id*. (citing *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992) and *Piedmont Resolution*, 178 F.R.D. at 331).

Cardinal's motion does not address any of these factors directly, but it is evident from the record that each factor weighs against dismissal. First, Cardinal not only put Tillotson to the expense of responding to its untimely suit; it did so when it knew Tillotson's attorneys were busy with trial preparation for the ITC investigation. Further, none of Tillotson's work product here would be usable in subsequent litigation. Second, although compared to *Bender* or *Vitamin Antitrust*, Cardinal has not delayed, the fact is that it waited until after the end of the ITC evidentiary hearing to move to dismiss. This shows that the filing, and retraction, of the counterclaim is gamesmanship. Third, Cardinal provides no explanation whatever for its having filed an untimely counterclaim in the exact circumstances the limitation period was designed to prevent. It is evident, though, that Cardinal is trying to avoid an adverse ruling. In this respect this case is quite different from *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29 (D.D.C. 2004), for example. In *Hisler*, although there was a summary judgment pending, the Court characterized defendant's belief that it would prevail as speculative. Here there is no speculation: Cardinal has conceded the basics of Tillotson's summary judgment motion, and presents no response other than its motion to dismiss. Fourth, there is in fact a motion for summary judgment which was already pending before Cardinal moved to dismiss.

Just as it makes no apology for disrupting Tillotson's trial preparation, Cardinal makes no offer to compensate Tillotson for the expenses it has incurred in this action. The Court

4

should deny Cardinal's motion and grant instead Tillotson's motion for summary judgment.

                                      Respectfully submitted,

                                      _____/s/ Charles H. Carpenter_____
                                      Charles H. Carpenter
                                      (DC Bar No. 432004)
                                      Pepper Hamilton LLP
                                      600 Fourteenth Street NW
                                      Washington DC 20005
                                      (202) 220-1507
                                      (202) 220-1665 (fax
                                      carpentc@pepperlaw.com

                                      Attorney for Tillotson Corporation