UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARDINAL HEALTH 200, INC., | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | Civil Action No. 08-803 (RMC) |
| TILLOTSON CORPORATION, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

**ORDER**

      This case arises from the removal of a counterclaim from an investigation at the International Trade Commission ("ITC"). Pending before the Court are Counterclaim Defendant Tillotson Corporation ("Tillotson")'s Motions for Summary Judgment and to Dismiss, Dkt. ## 3 & 5, both premised upon the alleged failure of Counterclaimant Cardinal Health 200, Inc. ("Cardinal Health") to meet an ITC deadline for filing counterclaims at no later than ten business days prior to trial before the agency. *See* 19 C.F.R. § 210.14(e). Shortly after filing of Tillotson's Motions, Cardinal Health moved to dismiss this action voluntarily without prejudice. *See* Dkt. # 6. "Counterclaimant concedes that its counterclaim was filed in the ITC less than ten business days prior to trial and therefore was not jurisdictionally proper at the agency at the time of removal. Counterclaimant therefore moves for voluntary dismissal without prejudice." *Id*. at 1. Tillotson opposes Cardinal Health's Motion for Voluntary Dismissal, *see* Dkt. # 9, and asks the Court to resolve its Motions instead.

      In opposing the Motion for Voluntary Dismissal, Tillotson suggests that Cardinal Health initiated this case in bad faith and is now merely seeking to avoid an adverse ruling on the merits. Cardinal Health conceded this action was untimely but did not explain why, when it removed

the counterclaim, it thought that jurisdiction was proper. "Cardinal not only put Tillotson to the expense of responding to its untimely suit; it did so when it knew Tillotson's attorneys were busy with trial preparation for the ITC investigation." *Id*. at 2.

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals where a responsive pleading has been filed. The Rule provides that such an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). In *Independence FSB v. Bender*, 230 F.R.D. 11 (D.D.C. 2005), the court explained that in exercising its discretion to dismiss a case under Federal Rule of Civil Procedure 41(a)(2), it must determine:

> (1) whether plaintiff's motion for voluntary dismissal was sought in good faith; and (2) whether the defendant[] would suffer "legal prejudice" from a dismissal at this stage in the litigation. In determining whether a defendant would suffer legal prejudice by voluntary dismissal . . . the Court must consider (1) defendant's effort and expense for preparation of trial; (2) excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) the adequacy of plaintiff's explanation of the need for dismissal; and (4) the stage of litigation at the time the motion to dismiss is made, specifically whether a motion for summary judgment is pending.

*Independence FSB*, 230 F.R.D. at 13 (citations omitted).

Cardinal Health has conceded that this action is untimely. However, it asks the Court to dismiss without prejudice in order to preserve "its ability to assert its counterclaims in an earlier-filed action in the U.S. District Court for the Northern District of Georgia between the parties, which was stayed prior to Cardinal Health 200, Inc.'s first responsive pleading." *See* Mot. for Voluntary Dismissal [Dkt. # 6] at 1 n.1. In light of the previously-filed litigation, the Court will dismiss this action without prejudice. The only question remaining is whether Cardinal Health initiated this action in bad faith. Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is

**FURTHER ORDERED** that Counterclaimant Cardinal Health 200, Inc. shall **SHOW CAUSE** no later than September 19, 2008 why it should not be ordered to pay Counterclaim Defendant Tillotson Corporation's costs and attorney's fees incurred in litigating this action. Failure to make a timely and adequate response will cause this case to be reinstated on the Court's docket and dismissed with prejudice.

**SO ORDERED**.

Date: August 21, 2008                                /s/
                                       ROSEMARY M. COLLYER
                                       United States District Judge